AO 91 (Rev.5/85) Criminal Complaint

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

FILED
JUN 29 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
PEYTON EIDSON
AKA: PATTON EIDSON
AKA: MICHAEL MCGOLDRICK

CRIMINAL COMPLAINT

CASE NUMBER:

3 11 70705 EDL

E-filing

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __February 23, 2005__ in __the Special Maritime and Territorial Jurisdiction of the United States__, the defendant(s) did, willfully and knowingly make a false statement in application for a passport.

in violation of Title __18__ United States Code, Section __1542.__

I further state that I am a Supervisory Special Agent and that this complaint is based upon the following facts:

See affidavit of DSS SSA Jeffrey Dubsick, attached hereto and incorporated by reference

Maximum penalties: 10 years imprisonment for Passport Fraud.

Continued on the attached sheet and made a part here of:    (X) Yes   ( ) No

Approved
As to Form: _____
AUSA Kyle Waldinger

_____
Jeffrey C. Dubsick, Supervisory Special Agent, DSS

Sworn to before me and subscribed in my presence,

June 29 2011                  at        San Francisco, California
Date                                    City and State

BERNARD ZIMMERMAN, U.S. Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT CHARGING PEYTON EIDSON AKA MICHAEL MCGOLDRICK WITH VIOLATING FALSE STATEMENT IN APPLICATION FOR A PASSPORT (18 U.S.C § 1542)

I, Supervisory Special Agent Jeffrey C. Dubsick, being first duly sworn, hereby depose and state as follows:

### I. INTRODUCTION AND PURPOSE OF THE AFFIDAVIT

1. I make this Affidavit in support of Criminal Complaint charging PEYTON EIDSON with violating 18 U.S.C. § 1542, False Statement in Application for a Passport. It is alleged that PEYTON EIDSON applied for a United States passport at the American Consulate in Sydney on February 23, 2005, and falsely stated his name was MICHAEL MCGOLDRICK.

### II. AFFIANT BACKGROUND

2. I am a Supervisory Special Agent employed by the Diplomatic Security Service (DSS) which is an agency of the United States State Department, and have been so employed for over six years. DSS Special Agents are empowered under 22 U.S.C. § 2709 to investigate passport frauds and to apply for and serve federal arrest warrants. I have a bachelor's degree from the University of California and am a graduate of the Federal Law Enforcement Training Center. My previous investigations have resulted in at least 100 convictions for passport fraud or related offenses before this and other federal courts.

### III. APPLICABLE LAW

A. False Statement in Application for a Passport

3. The Passport Act of 1926, as amended, was in full force and effect throughout the period of this investigation. This Act, codified in 22 U.S.C. § 211a, authorized the United States Secretary of State to grant and issue United States passports under rules prescribed by the President and/or other federal laws. Some of these rules are that a person wanting a United States passport must complete and submit an application to the State Department and must submit proof of American citizenship, usually a birth certificate or a previously issued passport, with their application. Another rule allows State Department officers at American Consulates to accept passport applications, and to issue United States passports in foreign countries.

4. Title 18 U.S.C. § 1542 states, in pertinent part, "Whoever willfully and knowingly makes any false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for their own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws…shall be fined under this title…or imprisoned not more than 10 years…or both." Title 18 U.S.C. § 3291 provides for a ten year statute of limitations for passport offenses.

B. Special Maritime and Territorial Jurisdiction of United States Consulates

5. Title 18 U.S.C. § 7 (3) states, in pertinent part, that any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, is part of the Special Maritime and Territorial Jurisdiction of the United States. The American Consulate in Sydney, Australia is land reserved and under the exclusive jurisdiction of the United States through an international agreement with the Government of Australia.

IV.   PROBABLE CAUSE OF PASSPORT FRAUD

6. On or about February 23, 2005, a person purporting to be MICHAEL MCGOLDRICK applied for and was issued a renewal United States passport (Passport 710593528) at the American Consulate in Sydney, Australia, in the Special Maritime and Territorial Jurisdiction of the United States. I reviewed this renewal passport application and observed this person submitted a passport application photograph, listed his name as MICHAEL MCGOLDRICK, his birthday as being October 29, 1931, and his place of birth as being Nebraska. This person also submitted his previously issued United States passport (Passport Z7050869) to satisfy documentary requirements. As mentioned in Paragraph 4, the statute of limitations for this application would not expire until February 22, 2015.

7. I then reviewed the passport application associated with Passport Z7050869, including the passport application photograph, and learned it was submitted to the American Consulate in Brisbane, Australia, on August 14, 1995. The review also disclosed the same person purporting to be MICHAEL MCGOLDRICK was issued a United States passport from that application on or about that same day. This person also submitted his previously issued United States passport at that time (Passport F1661575) to satisfy documentary requirements. This passport application is outside of the statute of limitations.

8. I then reviewed the passport application associated with Passport F1661575, including the passport application photograph, and learned it was the original or first passport application associated with the person purporting to be MICHAEL MCGOLDRICK. I also learned this passport application was submitted in, and that this first passport was issued to this person in Texas, on or about December 9, 1985. This passport application is outside of the statute of limitations.

9. I also reviewed a State of Nevada death certificate (Number: 99001211) which showed that MICHAEL MCGOLDRICK, born on October 29, 1931, in Nebraska, died on January 25, 1999, in Reno, Nevada. I also telephonically interviewed MICHAEL MCGOLDRICK's sister who told me MICHAEL MCGOLDRICK was her deceased brother and that he had worked in the casino business in Las Vegas and Reno.

10. On or about April 15, 2011, DSS Investigative Assistant Michael Acevedo conducted internet research and located a public Facebook page http://www.facebook.com/people/Mike-McGoldrick/1139501580. I reviewed this public Facebook page which included a photograph of

2

the subscriber. I compared the person in this public Facebook page with the person in the MICHAEL MCGOLDRICK passport application photographs and observed them to be one and the same. In other words, this was the Facebook account for the person purporting to be MICHAEL MCGOLDRICK.

11. On May 5, 2011, I filed a federal search warrant for electronic communications and records stored in this Facebook account, which was issued by the Honorable Judge Howard Lloyd of this court. In the succeeding days, I received electronic content and records from Facebook showing the person using the MICHAEL MCGOLDRICK Facebook account was signing some his communications as "PEYTON," and that some communications referred to him as "PEYTON."

12. Shortly thereafter, DSS investigative staff conducted record checks in common police databases for "PEYTON" and learned that a PEYTON EIDSON was a fugitive for the United States Marshals Service. On May 19, 2011, Supervising Deputy Marshal Michael Dyke provided me with photographs of fugitive PEYTON EIDSON, who also had the alias of PATTON EIDSON and the unique fingerprint identification number of FBI#266874EA4. I compared the person in these fugitive photographs with the person in the MICHAEL MCGOLDRICK passport applications and the person on the MICHAEL MCGOLDRICK Facebook page, and observed them to all be the same person. Deputy Dyke also supplied me with a copy of an active Arrest Warrant and a Superseding Indictment (Case Number: CR-88-0168-CAL) filed in Northern District of California on September 4, 1992, charging PEYTON EIDSON with in sum, operating a maritime drug smuggling organization from Asia and Northern California between 1984 and 1988. Deputy Dyke also told me PEYTON EIDSON was originally indicted in 1988 for these alleged offenses, but had never been arrested. I have reviewed other documents related to the prosecution of PEYTON EIDSON that indicate that he was originally arrested in Santa Rosa, California, in August 1985 related to the seizure of 2,350 pounds of Thai marijuana. PEYTON EIDSON was released from custody shortly after his August 1985 arrest and was not immediately charged. Based on my training and experience and the facts of this case, I believe that the reason that PEYTON EIDSON originally applied for the false passport in the MICHAEL MCGOLDRICK name in late 1985 was in order to flee from any pending criminal charges based on the criminal conduct for which he was arrested earlier that year.

13. Between on or about June 15 and June 18, 2011, and based on a request from the DSS Special Agent David Shamber assigned to the American Consulate in Sydney, the Australian Federal Police arrested the person purporting to be MICHAEL MCGOLDRICK and searched his residence in Australia, for violations of Australian passport and entry visa laws. Shortly thereafter, the Australian Federal Police told DSS Special Agent Shamber that the person purporting to be MICHAEL MCGOLDRICK admitted to being PATTON EIDSON. I subsequently read several internet news articles from Australian press which reported the person purporting to be MICHAEL MCGOLDRICK admitted to being PATTON EIDSON in Australian court.

14. In conclusion, I know from my training and experience and from the facts listed above, including photographic comparisons, electronic communications and admissions, that the

3

person who applied for the MICHAEL MCGOLDRICK passport at the American Consulate in Sydney, Australia, on February 23, 2005, and stated his name was such, was really fugitive PEYTON EIDSON aka PATTON EIDSON with unique fingerprint identification number of FBI#266874EA4. I also know from my training and experience that it is contrary to the passport rules and regulations to apply for a passport in a false name and that this passport would not have been issued had it been known that the person purporting to be MICHAEL MCGOLDRICK was really PATTON EIDSON.

## V.   ANTICIPATORY VENUE IN THE NORTHERN DISTRICT OF CALIFORNIA

15. Title 18 U.S.C. § 3238 states, in pertinent part, that these extraterritorial offenses shall be tried in the district where the offender is arrested and first brought. I submit this Affidavit for a Criminal Complaint in anticipation that PEYTON EIDSON will be arrested and first brought from Australia to the Northern District of California, where his 1992 superseding Indictment is still pending. Neither I or any other federal officers shall serve the below requested Criminal Complaint and Arrest Warrant unless and until PEYTON EIDSON is first brought into the Northern District of California.

## VI.   CONCLUSION

16. Based on the aforementioned facts in Affidavit, I respectfully request that a Criminal Complaint and Arrest Warrant be issued for PEYTON EIDSON, charging him with violations of Title 18 U.S.C. § 1542.

Jeffrey C. Dubsick
Supervisory Special Agent
Diplomatic Security Service

Sworn and subscribed before me on
June 29, 2011, at San Francisco, California

The Honorable Bernard Zimmerman
United States Magistrate Judge
Northern District of California

4